7381/jlb

UNITED STATES DISTRICT COURT
Middle District of Florida
Ft. Myers Division

Case No. 2:10-CV-00528-JES/SPC

WILLIAM P. GRAWBADGER,

    Plaintiff,

vs.

GEORGE EMANOILIDIS, in his
individual & official capacity as
directing programs at Florida Civil
Commitment Center,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, the Defendant, DR. GEORGE EMANOILIDIS, by and through his undersigned counsel and hereby files this, his Answer and Affirmative Defenses and states the following:

### STATEMENT OF CLAIMS

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

Defendant's Answer and Affirmative Defenses
Grawbadger v Emanoilidis
Case No. 2:10-CV-00528-JES/SPC
Page 2

    7.    Denied.

    8.    Denied.

    9.    Denied.

    10.    Denied.

    11.    Denied.

    12.    Denied.

    13.    Denied.

## JURISDICTION

1.    Admitted only to the extent that this Court has jurisdiction.

2.    Admitted only to the extent that venue is proper in this Court.

## STATEMENT OF THE FACTS

3.    Denied.

4.    Denied for lack of knowledge.

5.    It is admitted that the Plaintiff was a resident at the Florida Civil Commitment Center. The remainder the paragraph is denied.

6.    Denied.

7.    Denied.

8.    Denied for lack of knowledge.

9.    Denied.

10. Denied for lack of knowledge.

11. Denied for lack of knowledge.

12. Denied.

13. Denied.

WHEREFORE, the Defendant, DR. GEORGE EMANOILIDIS, demands judgment in his favor, plus costs, and against the Plaintiff, and any further relief this Court deems proper.

## FIRST AFFIRMATIVE DEFENSE

That at all times material hereto, the Defendant acted in good faith when dealing with the Plaintiff, and the Plaintiff's claims against Defendant are, therefore, barred.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's Complaint against Defendant fails to state a cause of action.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff has failed to comply with any and all conditions precedent to bringing these claims against Defendant and his claims against Defendant are therefore precluded.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to comply with any and all administrative procedures prior to bringing these claims against Defendant and his claims against Defendant are therefore precluded.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to comply with any and all grievance procedures before bringing his claims against Defendant and his claims against Defendant are therefore precluded.

### SIXTH AFFIRMATIVE DEFENSE

At all times the Plaintiff was himself negligent in causing any and all alleged damages that he is complaining of in his Complaint and therefore, any damages alleged against the Defendant should be reduced and/or extinguished pursuant to the doctrine of comparative negligence.

### SEVENTH AFFIRMATIVE DEFENSE

That the alleged acts complained of in the Plaintiff's Complaint were caused solely and/or partially by persons and/or entities that are not currently a party to the Plaintiff's lawsuit, namely, Gregory Bell. The Defendant reserves the right to place these persons and/or entities on a verdict form if this case should go to jury trial so that the jury can apportion whatever percentage of fault they deem appropriate to these persons and/or entities that are not currently parties to this lawsuit. The Defendant specifically denies all of the allegations in the Plaintiff's Complaint. However, if a jury should apportion any negligence and/or fault to the Defendant, then any negligence and/or fault apportioned to Defendant should be reduced and/or extinguished in accordance with the percentage of negligence

and/or fault that a jury apportions to any persons and/or entities that are not currently parties to this lawsuit.

## EIGHTH AFFIRMATIVE DEFENSE

That at all times material hereto the doctrine of comparative fault was applicable to the Plaintiff's lawsuit and, therefore, the Plaintiff's alleged claims for damages against Defendant should be reduced and/or extinguished pursuant to the doctrine of comparative fault.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff failed to mitigate his damages.

## TENTH AFFIRMATIVE DEFENSE

The Defendant alleges that he is entitled to a set off for all collateral source benefits paid or payable.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's civil rights claims against the Defendant are without merit and frivolous. As such, the Defendant is entitled to an award of attorney fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

## DEMAND FOR JURY TRIAL

The Defendant demands trial by jury.

Defendant's Answer and Affirmative Defenses
Grawbadger v Emanoilidis
Case No. 2:10-CV-00528-JES/SPC
Page 6

By   <u>s/Brett M. Waronicki</u>
Brett M. Waronicki, Esquire
Florida Bar No. 817511
Attorneys for Defendant
WIEDERHOLD & MOSES, P.A.
560 Village Blvd., Suite 240
West Palm Beach, Florida 33409
561-615-6775; Fax: 561-615-7225
Bwaronicki@wmrfla.com

I HEREBY CERTIFY that on this 8th day of December, 2010 I electronically filed the foregoing with the Clerk of the Middle District Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant: William P. Grawbadger, DC #991100, Florida Civil Commitment Center, 13619 SE Highway 70, Arcadia, FL 34266.

By   <u>s/Brett M. Waronicki</u>
Brett M. Waronicki, Esquire
Florida Bar No. 817511
Attorneys for Defendant
WIEDERHOLD & MOSES, P.A.
560 Village Blvd., Suite 240
West Palm Beach, Florida 33409
561-615-6775; Fax: 561-615-7225
Bwaronicki@wmrfla.com