FILED

FOR THE SOUTHERN DISTRICT
IN THE FORT MYERS DIVISION

2011 APR -5  AM 10: 59

WILLIAM P. GRAWBADGER,

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

Petitioner,

Vs.    Case No. 2:10-CV-528-JES/SPC

GEORGE EMANOILIDIS, in
his Individual & Official capacity
as directing programs at the
Florida Civil Commitment Center,

_____Respondent._____

## ANSWER TO DEFENDANT'S DEMAND NOT TO PRODUCE DOCUMENTS

COMES NOW WILLIAM P. GRAWBADGER in Pro Se filing an answer to Defendant's Response to Plaintiff's Demand not to Produce Documents.

### PRELIMINARY STATEMENT

The Defendant is objecting to everything concerning him which is a violation of discovery rules to provide information.

### INCORRECT PRODUCTION

The Plaintiff requests on # 3 Copy of grievances filed by the plaintiff concerning all assaults or assaults and battery occurring in May 18, 2009. This request referred to Gregory Bell and the Plaintiff received one concerning Mr. Steen. There are two incidents with Gregory Bell, one on about May 18th and a second between May 30th to June 3rd 2009 which need to be revealed.

The Plaintiff on # 9 requested a copy of all incident reports written by any GEO Group personnel concerning the assault or assault and battery occurring on or about June 5-8 2010 which reports were not provided thought they said they were. These may have been misplaced before mailing.

1

## DEFENDANTS ANSWERS NONE

5.  Copy of surveillance tapes concerning the assault or assault and battery occurring in May 2009 between the Plaintiff and Gregory Bell.

6.  Copy of surveillance tapes concerning the assault or assault and battery occurring between the Plaintiff and Gregory Bell the Plaintiff and Gregory Bell on or about on June 4 to 9, 2010.

For numbers 5 and 6, the Defendant said there were none. The mission statement of the GEO Group for FCCC is "to provide comprehensive and effective sexual offender services in a SAFE and secure environment..." (Emphasis Added) The defendant announced in April 2010 to the Press that they had 150 surveillance cameras on residents to ensure safety in their high tech mental hospital. It there defies logic that the GEO Group does not have surveillance tapes of these assaults.

These are being used in the criminal prosecution of Gregory Bell in the 12th Judicial Circuit Court and are therefore available. There are three separate occasion where Gregory Bell assaulted the Plaintiff.

## THE CONTESTED ISSUES ARE

1.  Copy of Dr. Emanoildis's personnel record.

Production of personnel record will reveal if the Defendant ever had a conviction, if he has been sanctioned for similar incidents or ever discharged from employment thereby revealing a pattern of misconduct in assigning residents to housing, and is therefore reasonable calculated to lead to the discovery of admissible evidence.

2.  Copy of Gregory Bell's criminal record.

A copy of Gregory Bell's criminal record will lead to admissible evidence showing that Mr. Bell has a history of assaultive behavior of persons which would indicate negligence or another tort in the assignment of housing to mental health residents.

Additionally if there are public records, the various agencies in control of said documents will

2

request payment from this indigent litigant. Mr. Grawbadger does not know which courts Gregory Bell was in, if he did this would result in delay of this suit as he would have to file a third party subpoena duces tecum.

7. Copy of communication forms sent to Dr. Emanoildis concerning the assault or assault and battery occurring on June 5, 2010 written by the Plaintiff.

A copy of Communication forms to the Defendant is part of the official record of the GEO Group who provides residents with and safe and secure environment, and therefore the Defendant's assertion is incorrect. The records which must have been overlooked, this is a high tech facility which would not lose paperwork unless they are hiding something.

12. Copies of all court complaints filed against Dr. Emanoildis in the last three years

This request is relevant to discovery of admissible evidence as it will show a pattern of misconduct similar to the instant case or show a reckless disregard for the safety and the security of the residents at FCCC pursuant to the defendant's mission statement.

13. Copy of the Geo Group's policy concerning housing.

F.S., 119.071(3) does not apply to policy. Even the Florida Department of Corrections allows the discovery of prison policy. The revealing of policy concerning housing assignments cannot be construed as a violation of security but revelation is consistent with the defendant's mission statement.

In State v Bell, 12th Judicial Circuit in DeSoto County, the Defendant is using this item in the prosecution of Gregory Bell, thus defendant's assertion of a security breach is unfounded.

The Defendant is being sued in his individual capacity and thus 119.071 does not apply and in his official capacity since the records are part of a court proceeding this provision has been waived.

14. Copy of Dr. Emanoildis's job description and duties.

It should be noticed by the Court that there is an objection to everything about the defendant

3

which is a violation of discovery rules. Quite obviously in order to prove a violation of the tort law one must necessarily show a neglect of duties, thus the request to likely to lead to admissible evidence.

15. Copy of Dr. Emanoildis's employment screening done by the GEO Group.

Quite obviously in order to prove a violation of the tort law one must necessarily show a neglect of duties, thus the request to likely to lead to admissible evidence. This may lead to evidence likely to be used in an amended complaint or show a reckless disregard to the security and safety of residents at the FCCC in violation also of the defendant's mission statement.

In State v Bell, 12th Judicial Circuit in DeSoto County, the Defendant is using this item in the prosecution of Gregory Bell, thus defendant's assertion of a security breach is unfounded.

The Defendant is being sued in his individual capacity and thus 119.071 does not apply and in his official capacity since the records are part of a court proceeding this provision has been waived.

16. Map of surveillance camera locations concerning the assault or assault and battery occurring in May 2009 between the Plaintiff and Gregory Bell.

This is likely to lead to admissible evidence showing the view to the jury of where the assaults occurred and what could be seen and could likely lead to filing an amended complaint. It is also relevant to show the result of the defendant's disregard of the safety and security of the residents at the FCCC in violation of his mission statement.

The defendant announced in April 2009 to the Press that they had 150 surveillance cameras on residents to ensure safety in their high tech mental hospital. It there defies logic that the defendant objects to public knowledge as the building plans are on file in DeSoto County, unless they are hiding something.

In State v Bell, 12th Judicial Circuit in DeSoto County, the Defendant is using this item in the prosecution of Gregory Bell, thus defendant's assertion of a security breach and not a public record is

4

unfounded.

The Defendant is being sued in his individual capacity and thus 119.071 does not apply and in his official capacity since the records are part of a court proceeding this provision has been waived.

17   Map of surveillance camera locations concerning the assault or assault and battery occurring in 2010 between the Plaintiff and Gregory Bell.

This is likely to lead to admissible evidence showing the view to the jury of where the assaults occurred and what could be seen and could likely lead to filing an amended complaint. It is also relevant to show the result of the defendant's disregard of the safety and security of the residents at the FCCC in violation of his mission statement.

The defendant announced in April 2009 to the Press that they had 150 surveillance cameras on residents to ensure safety in their high tech mental hospital. It there defies logic that the defendant objects to public knowledge as the building plans are on file in DeSoto County, unless they are hiding something.

This request is relevant to discovery of admissible evidence as it will show the jury where the photos from the surveillance tapes were taken from and is not a security risk as in April 2009 the GEO Group conducted a walkthrough of the FCCC to the press and to the public.

In State v Bell, 12th Judicial Circuit in DeSoto County, the Defendant is using this item in the prosecution of Gregory Bell, thus defendant's assertion of a security breach and not a public record is unfounded.

The Defendant is being sued in his individual capacity and thus 119.071 does not apply and in his official capacity since the records are part of a court proceeding this provision has been waived.

18.   Floor plan of where both assaults occurred.

This is likely to lead to admissible evidence showing the view to the jury of where the assaults occurred and what could be seen. It is also relevant to show the result of the defendant's disregard of

the safety and security of the residents at the FCCC in violation of his mission statement.

The defendant announced in April 2009 to the Press that they had 150 surveillance cameras on residents to ensure safety in their high tech mental hospital. It there defies logic that the defendant objects to public knowledge as the building plans are on file in DeSoto County, unless they are hiding something.

In State v Bell, 12th Judicial Circuit in DeSoto County, the Defendant is using this item in the prosecution of Gregory Bell, thus defendant's assertion of a security breach and not a public record is unfounded.

The Defendant is being sued in his individual capacity and thus 119.071 does not apply and in his official capacity since the records are part of a court proceeding this provision has been waived.

21. Copy of Dr. Emanoildis's job rating by GEO Group personnel.

This will likely lead to admissible evidence as it would show to the jury the defendant's pattern of reckless disregard for the safety of FCCC residents in violation of the defendant's mission statement.

The defendant's failure to house residents in a safe environment shows admissible evidence that the Defendant is harassing residents not that he is being harassed.

22. Copy of Dr. Emanoildis's disciplinary file.

This will likely lead to admissible evidence as it would show to the jury the defendant's pattern of reckless disregard for the safety of FCCC residents in violation of the defendant's mission statement.

The defendant's failure to house residents in a safe environment shows admissible evidence that the Defendant is harassing residents not that he is being harassed.

In State v Bell, 12th Judicial Circuit in DeSoto County, the Defendant is using this item in the prosecution of Gregory Bell, thus defendant's assertion of a security breach and not a public record is

unfounded.

The Defendant is being sued in his individual capacity and thus 119.071 does not apply and in his official capacity since the records are part of a court proceeding this provision has been waived.

23. Copies of complaints about Dr. Emanoildis's from residents concerning housing.

This will likely lead to admissible evidence as it would show to the jury the defendant's pattern of reckless disregard for the safety of FCCC residents in violation of the defendant's mission statement.

The defendant's failure to house residents in a safe environment shows admissible evidence that the Defendant is harassing residents not that he is being harassed.

24. GEO Internal Operating Procedure on how to handle assaults.

F.S., 119.071(3) does not apply to policy. Even the Florida Department of Corrections allows the discovery of prison policy which is held to a higher standard that mere mental hospitals. The revealing internal operation procedures concerning housing assignments cannot be construed as a violation of security but revelation is consistent with the defendant's mission statement.

In State v Bell, 12th Judicial Circuit in DeSoto County, the Defendant is using this item in the prosecution of Gregory Bell, thus defendant's assertion of a security breach and not a public record is unfounded.

The Defendant is being sued in his individual capacity and thus 119.071 does not apply and in his official capacity since the records are part of a court proceeding this provision has been waived.

32. Copy of Gregory Bell's psychiatric history.

Patient confidentially cannot be used as a shield to hide reckless disregard for the safety of others. The records themselves need not be admitted. They can be stipulated to. Thus this is likely to lead to admissible evidence.

In State v Bell, 12th Judicial Circuit in DeSoto County, the Defendant is using this item in the

prosecution of Gregory Bell, thus defendant's assertion of a privacy violation and not a public record is unfounded.

33. Copy of Gregory Bell's mental diagnosis.

Patient confidentially cannot be used as a shield to hide reckless disregard for the safety of others. The records themselves need not be admitted. They can be stipulated to. Thus this is likely to lead to admissible evidence.

In State v Bell, 12th Judicial Circuit in DeSoto County, the Defendant is using this item in the prosecution of Gregory Bell, thus defendant's assertion of a privacy violation and not a public record is unfounded.

34. Copy of Gregory Bell's classification history.

Patient confidentially cannot be used as a shield to hide reckless disregard for the safety of others. The records themselves need not be admitted. This in no way violates any of the defendants' rights but it this is likely to lead to admissible evidence. This would show misconduct in assigning housing to FCC residents and be a violation of the defendant's mission statement.

35. Copy of the communication form sent to the housing committee concerning the threat of further assaults by Gregory Bell if Plaintiff wasn't housed in a single room sent on or about on June 6-8, 2010.

A copy of Communication forms to the Defendant is part of the official record of the defendant who provides residents with and safe and secure environment, and therefore the Defendant's assertion is incorrect. The records which must have been overlooked, this is a high tech institution which would not lose paperwork unless they are hiding something.

**WHEREFORE** this Court should order the Defendant to Produce said records.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the Answer the Defendants' motion to not produce records has been served by first class mail on Wiederhold & Moses, P.A. care of Donald A. Chinquina; Brandywine Centre II, Suite 240; 560 Village Blvd. Suite 240; West Palm Beach Florida 33409 on the 3rd day of April 2011.

                         Respectfully Submitted,

                         William P. Grawbadger
                         F.C.C.C. # 1100; Dublin
                         13619 SE Highway 70,
                         Arcadia, Fla. 34266-7829