UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM P. GRAWBADGER,

Plaintiff,

vs.

Case No. 2:10-cv-528-FtM-29SPC

GEORGE EMANOILIDIS, in his individual &
official capacity as directing programs at Florida Civil
Commitment Center,

Defendant.

---

## ORDER

This matter comes before the Court upon review of Plaintiff's second motion to compel production of documents (Doc. #24, Motion), filed March 23, 2011. Defendant filed a response (Doc. #31, Response) in opposition on May 23, 2011, pursuant to the Court's Order. This matter is ripe for review.

Plaintiff files the instant motion seeking to compel Defendant to provide him with discovery. See Motion. Plaintiff states that other than requesting a fourteen-day extension to respond, Defendant has not responded to his request for production. Id. at 1. Significantly, Plaintiff does not explain why he requires any of the particular requests, or how each request is likely to lead to the discovery of relevant information. In Response, Defendant states that days before the instant Motion was filed, on March 21, 2011, he provided documentation in response to Plaintiff's requests numbered 3, 4, 8, 9, 10, 11, 19, 20, 25, 26, 28, 29, 30, and 31. See generally Response. Therefore, the Court will deny Plaintiff's request for these aforementioned items as moot. With regard to the remaining requests, Defendant objects to each item for production.          As a general rule, parties are permitted to obtain discovery regarding any matter, not privileged, that is relevant. Fed. R. Civ.

P. 26(b)(1)(emphasis added). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The Complaint alleges a failure to protect claim against Defendant Doctor George Emanoilidis stemming from another FCCC resident's[1] attacks on Plaintiff on May 18, 2009, June 3, 2009, and June 8, 2010. See Complaint at 8-9.

In request 1, Plaintiff seeks a copy of Defendant's personnel record. Motion at 1. Defendant objects, stating that this request seeks information that is irrelevant and immaterial to this action and which does not appear to be reasonably calculated to lead to the discovery of admissible information. Response at 1.

The Court agrees with Defendant and finds Defendant's personnel record is not reasonably calculated to lead to the discovery of relevant evidence in this case. Plaintiff has not explained how this information is relevant and the Court cannot determine a reason why these personnel records would lead to the discovery of relevant evidence. Therefore, Plaintiff's request 1 is denied.

In request 2, Plaintiff seeks a copy of FCCC resident Gregory Bell's criminal record. Motion at 1. Defendant objects to the production of Bell's criminal record as irrelevant, or immaterial to this action. Response at 2. Defendant further states that this information is a matter of public record, and is easily accessible to Plaintiff without a discovery request. Id.

The Court is unpersuaded by Defendant's argument. Contrary to Defendant's belief that it is more convenient for Plaintiff to locate this public information himself, the Court does not know whether Plaintiff has internet access at the FCCC in order to locate this information. The Court finds

---

[1]The name of the FCCC resident who attacked Plaintiff is Gregory Bell.

this information is likely to lead to the discovery of relevant evidence. Thus, Defendant shall produce for Plaintiff a copy of resident Bell's criminal record, which is public information.

In requests numbered 5 and 6, Plaintiff seeks a copy of the surveillance tapes that captured resident Bell's assaults on Plaintiff. Motion at 2. In Response, Defendant states that no surveillance tapes exist because the cameras located in the FCCC are reset after 30 days and the facility does not archive any video beyond 30 days.

The Court will deny Plaintiff's requests numbered 5 and 6 because Defendant cannot be compelled to produce something he does not possess. Defendant apparently did not know to keep the video tapes because Plaintiff initiated this action almost three months after the last assault occurred. Plaintiff does not allege that he informed the FCCC about the potential lawsuit. Moreover, even if Defendant had copies of the tapes, the Court finds that the video tapes are not likely to lead to the discovery of relevant evidence in this case. Plaintiff attributes liability on Defendant E for failing to protect Plaintiff by failing to place Plaintiff in a different housing area, away from resident Bell. The surveillance tape evidence would only prove that the attacks did in fact occur, which may not be a disputed fact in this case.

In request numbered 7 and 35, Plaintiff requests a copy of communication forms that he sent to Defendant and the "housing committee," respectively, concerning the assault and/or battery that occurred on June 5, 2010. Motion at 2. In Response, Defendant states that he does not have any communication forms from Plaintiff. Response at 3. Defendant explains that once the resident completes the form for the particular staff person's review, the staff person writes an answer on the form and returns that form to the resident. Defendant states that no copies are made of the forms; therefore, the FCCC does not have any forms for Plaintiff.

The Court denies Plaintiff's request number 7 and 35 because pursuant to FCCC policy, Defendant does not have any copies of any of the resident communication forms, including those forms Plaintiff submitted to Defendant, or the forms submitted to the "housing committee."

In request number 12, Plaintiff seeks copies of all court complaints filed against Defendant during the last three years. Motion at 2. In Response, Defendant objects, stating that this request is unlikely to lead to the discovery of relevant evidence because any acts subsequent to this litigation are immaterial. Response at 4.

The Court agrees with Defendant and will deny Plaintiff's request number 12. Copies of all complaints filed against Defendant during the last three years are unlikely to lead to the discovery of relevant evidence in this case. Plaintiff has not explained why the discovery of this information is likely to lead to relevant evidence. The Court cannot determine a reason why the discovery of this information is likely to lead to discoverable evidence. Therefore, request 12 is denied.

In request number 13, Plaintiff requests a copy of the GEO Group's policy concerning housing. Motion at 2. In Response, Defendant objects to production of request number 13 and asserts the information is privileged. Defendant submits there are "numerous statutory privileges including but not limited to Fla. Stat. 119.071(3)." Response at 5.

Significantly, the Court notes that Defendant does not provide a privilege log.[2] The Court further finds that information regarding the chain of authority for housing decisions and policies related thereto is a primary issue in this case. Plaintiff claims that despite Defendant's knowledge that resident Bell had previously attacked Plaintiff, Plaintiff was continually placed in a housing assignment near resident Bell, thereby allowing Bell to attack Plaintiff on multiple occasions. Therefore, the Court grants Plaintiff's request 13 to the **limited** extent that Defendant must provide Plaintiff with any and all documentation and/or policies detailing the chain of authority for housing decisions, how those decisions are made, and who has final authority for approving/denying housing assignments, specifically with regard to Plaintiff's housing assignment on the dates at issue in the Complaint.

Plaintiffs requests numbered 14, 15, 21, and 22 all seek information pertaining to Defendant's job with GEO. Specifically, request number 14 seeks information pertaining to Defendant's job description and duties. Request number 15 seeks information concerning any employment screening done by GEO on Defendant. Request 21 seeks a copy of Defendant E's "job rating by GEO." Motion at 3. Request 22 seeks a copy of Defendant's "disciplinary file." Id.

---

[2]Defendant is advised that the party invoking privilege bears the burden of proof. Tyne v. Time Warner Entertainment Co., L.P., 212 F.R.D. 596, 599 (M.D. Fla. 2002). "This burden can be met only by an evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory or ipse dixit assertions." CSX Transportation, Inc. v. Admiral Insurance Co., 1995 WL 855421 *1 (M.D. Fla. July 20, 1995)(internal quotes omitted). Pursuant to Fed. R. Civ. P. 26(b)(3)&(5) this evidence is generally provided through the use of a privilege log. Typically, the privilege log will identify each document and the individuals who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed. Id. at *3.

Defendant objects to the production of all employment based requests. Defendant states that Plaintiff's requests for this information or documentation is irrelevant or immaterial to this action and does not appear to be reasonably calculated to lead to the discovery of relevant evidence. With regard to the information concerning Defendant's employment screening, in request 15, Defendant states that the request does not involve any issue in this case. Defendant further states that any employment screening information involves confidential or sensitive information, which should not be disclosed and made public record. Response at 5. With respect to requests 21 and 22, Defendant raises the aforementioned objections and further states that these requests are "clearly designed to annoy and harass the Defendant." Response at 7-8.

To the extent Plaintiff seeks a description of Defendant's job duties in order to determine whether he was the person responsible for making housing decisions at the FCCC, the Court grants Plaintiff's request 14. However, the Court denies Plaintiff's requests 15, 21, and 22 as entirely unrelated to the issues in this case and therefore is unlikely to lead to the discovery of relevant information.

In Plaintiff's requests number 16 and 17 Plaintiff seeks information concerning the locations of surveillance camera locations that captured resident Bell's assaults on him in 2009 and 2010. Motion at 2. In request number 18, Plaintiff requests a floor plan of where both assaults occurred. Id.

Defendant objects to production of these requests, stating that the information is irrelevant and immaterial, and therefore is unlikely to lead to the discovery of admissible evidence. Response at 6. Defendant also states that the documentation involves confidential, sensitive information. Id.

Defendant further objects on the basis that the information or documentation is subject to numerous statutory privileges including but not limited to Fla. Stat. § 281.301. Id.

The Court agrees with Defendant and will deny Plaintiff's requests 16, 17, and 18, as unlikely to lead to the discovery of admissible evidence. Plaintiff has not explained how this information will lead to the discovery of relevant evidence and the Court cannot determine how this information will assist Plaintiff in litigating his case.

In request 24, Plaintiff seeks GEO's operating procedure on "how to handle assaults." Id. at 3. Defendant objects on the basis that the information sought involves confidential, sensitive information dealing with prison security and safety of staff and residents, which should not be disclosed to any party or made part of the public record. Response at 8. Defendant further objects that this information is subject to numerous statutory privileges including but not limited to Fla. Stat. § 119.071(3). Id. at 9.

Again, the Court notes that Defendant does not provide the Court with a privilege log. Also, the Court notes that Defendant does not object to the production of this information as unlikely to lead to the discovery of relevant evidence. The Court grants request 24 to the **limited** extent herein. Plaintiff is pursuing his claims against Defendant in his official and individual capacities. Thus, the Court finds that information or documentation concerning what the FCCC policies, or lack thereof, exist on how to handle physical altercations, specifically assaults and/or batteries, between FCCC residents, is likely to lead the discovery of relevant evidence in this case.

In Plaintiff's requests numbered 27, Plaintiff seeks "housing records for the Plaintiff initiated by Dr. Emanoilids in June 2010." Motion at 3. Defendant's Response does not address Plaintiff's request numbered 27. Response at 9.

The Court notes that Plaintiff's requests numbered 26, 28, and 29 are moot because Defendant produced information responsive to these requests. Therefore, it appears counsel may have overlooked that his Response does not address request 27. The Court will, therefore, deny request 27 as moot, without prejudice. Plaintiff may file a renewed motion requesting information responsive to request number 27, if Defendant has not already provided such documentation.

In requests numbered 32, 33, and 34, Plaintiff seeks a copy of resident Bell's psychiatric history, mental diagnosis, and classification history. Motion at 3. In Response, Defendant objects to the production of this information as unlikely to lead to the discovery of relevant evidence and does not involve any issue in this case. Response at 10-11. Defendant also states that this documentation involves confidential or sensitive information, which should not be disclosed to any party or made part of the public record. Id. Defendant further objects that this documentation is subject to numerous statutory privileges, including HIPPA, and the Federal Privacy Act. Id.

The Court recognizes the issues involved with providing an FCCC resident information about another FCCC resident. Nevertheless, Plaintiff is entitled to discovery that may be relevant to providing his failure to protect claim against the Defendant. The Court finds that information concerning resident Bell's proclivity to attacking other residents at the FCCC is related to the issues involved in this case and is likely to lead to the discovery of relevant evidence in this case. The Complaint alleges that resident Bell attacked Plaintiff on multiple occasions at the FCCC. Thus, whether resident Bell had a history of aggressive behavior in the Department of Corrections, of which the FCCC was aware upon Bell's transfer to the FCCC, and/or whether resident Bell has attacked other FCCC residents, is information that will be helpful to Plaintiff in litigating this case.

In an effort to expedite the production of these materials and in an effort to satisfy the Court that a full and complete production of potentially relevant documents has been made by Defendant, the Court will require the Defendant to produce those responsive non-privileged documents to Plaintiff while simultaneously producing any documents withheld on the basis of privilege, or otherwise, to the Court for an *in camera* review of said documents. Therefore, Plaintiff's requests numbered 32, 33 and 34 are granted to the extent set forth above.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's second motion to compel production of documents (Doc. #24) is **GRANTED** in part and **DENIED** in part.

2. Plaintiff's requests numbered 3, 4, 8, 9, 10, 11, 19, 20, 25, 26, 28, 29, 30, and 31 are **DENIED as moot**. Plaintiff's request number 27 is denied as moot, without prejudice, for the reasons herein.

3. Plaintiff's requests numbered 2, 13, 14, 24, 32, 33, and 34 are **GRANTED** to the **limited extent** set forth herein. Defendant shall produce such information within **fourteen (14) days** from the date on this Order.

4. Plaintiff's requests numbered 1, 5, 6, 7, 12, 15, 16, 17, 18, 21, 22, and 23 are **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, on this **20th** day of June, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

SA: alj

Copies: All Parties of Record