FILED

2011 JUL 22 AM 11: 30

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNIITED STATES DISTRICT COURT
Middle District of Florida
Ft. Myers Division

Case No. 2:10-CV-00528-JES/SPC

WILLIAM GRAWBADGER,

    Plaintiff,

Vs.

GEORGE EMANOILIDIS, in his
individual and official capacity,
as directing programs at
Florida Civil Commitment Center,

    Defendant,

_____/

## INITIALPRE-TRIAL NARRITIVE STATEMENT

Plaintiff is a committed resident at Florida Civil Commitment Center (F.C.C.C.) a facility for those confined and alleged to be sexually violent predators (see Fl. Stat. 394.910- 394.932- the Act)

Defendant at all times related to this action was, among other duties, the primary decision maker of the housing committee (committee), and was solely responsible for every F.C.C.C. residents assigned housing location.

Defendant recklessly disregarded the plaintiff's safety, security, and care by repeatedly assigning the plaintiff to a living area in close proximity to residents with a history of violence, in prison, at F.C.C.C., and toward the plaintiff, resulting in the plaintiff being assaulted (4) four times by (2) two different residents with violent histories (once by James Steen and three times by Gregory Bell).

Defendant knew or should have known that he was exposing the plaintiff to excessive risk of serious harm through his housing assignments.

Defendant's deliberate indifference injured the plaintiff physically, mentally, and emotionally.

Defendants actions violated the plaintiffs Civil Rights guaranteed by the United States Constitutional Amendment 14; and also pendant State Constitutional and tort claims, deliberate indifference, failure to intervene and neglect of fiduciary duty, as well as F.C.C.C.'s written policies.

NOTICE TO THE COURT THAT PLAINTIFFS DOCUMENTS ARE INCOMPLETE

COMES NOW WILLIAM GRAWBADGER the plaintiff in pro se, partially complying with the courts order dated December 10, 2010; and proffers:

1.) The court ordered plaintiff to file a "Pre-Trial Narrative Statement"

2.) Plaintiff has not received all the requested documents, due to the defendant's proclivity to minimize production of requested information; defendant has deliberately delayed the process of production of documents and discovery. Plaintiff must still request further production of previously requested documents that the court has ordered the defendant to provide.

3.) Plaintiff is unable to provide a complete narrative statement and until the defendant provides all of the documents the cour5t ordered him to provide the plaintiff; therefore, plaintiff is filing a statement that is entitled," Initial Pre-trial Narrative Statement.

4.) "Plaintiff requests the court to accept his initial incomplete statement pending the defendants production of documents he has been ordered to provide and the completion of discovery.

## **RELIEF REQUESTED**

A. Accept plaintiffs incomplete statement as in timely compliance with the Courts Order.
B. Issue an order that allows the plaintiff 21 days after defendant produces all of the documentation that he has been ordered to provide, and completion of discovery, to file a complete "Pre-Trial Narrative Statement

Plaintiff has an incomplete: A. list of exhibits; B. list of employee witnesses; C. list of resident witnesses; but wishes to wait till he has the complete information to submit them.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Answer the Defendants' motion to not produce records has been served by first class mail on Wiederhold & Moses, P.A. care of Donald A. Chinquina; Brandywine Centre II, Suite 240; 560 Village Blvd. Suite 240; West Palm Beach Florida 33409 on the 19 day of July 2011.

                                      Respectfully Submitted,

                                      William P. Grawbadger
                                      F.C.C.C. # 1100; Dublin
                                      13619 SE Highway 70,
                                      Arcadia, Fla. 34266-7829