7381/jlb

UNITED STATES DISTRICT COURT
Middle District of Florida
Ft. Myers Division

Case No. 2:10-CV-00528-JES/SPC

WILLIAM P. GRAWBADGER,

    Plaintiff,

vs.

GEORGE EMANOILIDIS, in his
individual & official capacity as
directing programs at Florida Civil
Commitment Center,

    Defendant.
_____/

## DEFENDANT'S PRETRIAL NARRATIVE STATEMENT

COMES NOW, the Defendant GEORGE EMANOILIDIS (hereinafter, "EMANOILIDIS"), pursuant to this Court's Case Management and Scheduling Order dated December 10, 2010 (Doc. #10) and files his Pre-Trial Narrative Statement:

**(a) Statement of the case**

GRAWBADGER is currently housed in the Florida Civil Commitment Center (FCCC) pursuant to Fla. Stat. 394.910 ("Involuntary Civil Commitment of Sexually Violent Predators Act" f.k.a. "Jimmy Ryce Act"). GRAWBADGER filed a complaint, pursuant to 42 U.S.C. § 1983, claiming that his Due Process Rights under the Fourteenth Amendment were violated when EMANOILIDIS negligently assigned him to the same housing unit as Gregory Bell. GRAWBADGER alleges that the EMANOILIDIS knew there was a history

of violence between the two residents and the act of placing the two together resulted in GRAWBADGER being battered by Gregory Bell.

EMANOILIDIS defends on ground that GRAWBADGER has not presented any facts that would transform this alleged negligence into a civil rights violation. A careful reading of GRAWBADGER'S Complaint reveals that he is pleading an act of negligence, as opposed to, a deliberate decision that was made to deprive him of life, liberty or property. As such, his Complaint falls into the category of "due care" versus "due process."

EMANOILIDIS also defends on ground that Section 394.923, Florida Statutes provides for statutory immunity from liability for the good faith actions of those involved with the treatment and care of involuntarily detained persons under the Jimmy Ryce Act. GRAWBADGER was involuntarily committed in the FCCC at the time of the incident. EMANOILIDIS was, and is, involved in the evaluation, care, and treatment of persons under the Jimmy Ryce Act. EMANOILIDIS' actions in this case were taken in the interest of the welfare and safety of the residents under his care and within the ordinary course and scope of his professional responsibilities and were taken in good faith.

**(b) Narrative statement of facts that will be offered by oral or documentary evidence at trial**

The Plaintiff is housed in the Florida Civil Commitment Center (FCCC) pursuant to Fla. Stat. 394.910 ("Involuntary Civil Commitment of Sexually Violent Predators Act" f.k.a.

Defendant's Pre-Trial Statement
Grawbadger v Emanoilidis
Case No. 2:10-CV-00528-JES/SPC
Page 3

"Jimmy Ryce Act"). The FCCC is civil treatment facility whose mission is to provide for the control, care and treatment of civilly committed sexually violent predators in a non-punitive setting until such time as a resident's mental abnormality or personality disorder has so changed that a court determines it is safe for the person to be at large. The FCCC also houses detainees awaiting their civil commitment trial. The GEO Group, Inc., has contracted with the Department of Children and Families to manage the FCCC.

EMANOILIDIS is an employee of The GEO Group and is the Assistant Facility Administrator for Operations at the FCCC. The FCCC houses approximately 670 residents. All residents that are civilly committed under the Fla. Stat. 394.910 must be housed at the FCCC. There are no other facilities within the State of Florida where these residents can be housed.

On May 18, 2009 GRAWBADGER and Gregory Bell got into a fight. GRAWBADGER suffered injuries to the head and face. GRAWBADGER was then placed on secure management status.

GRAWBADGER was in the medical unit on June 3, 2009. While in the medical unit, GRAWBADGER became angry and threw a breathing machine against the wall. The breathing machine was damaged as a result of this action and GRAWBADGER was subsequently arrested for Criminal Mischief.

Upon his arrest he was transferred to the Desoto County Jail to await trial on the

Defendant's Pre-Trial Statement
Grawbadger v Emanoilidis
Case No. 2:10-CV-00528-JES/SPC
Page 4

charge of Criminal Mischief. He was subsequently convicted and sentenced to one year and one day in the Department of Corrections. GRAWBADGER was returned to the FCCC after he completed his sentence. GRAWBADGER got into another fight with Gregory Bell on June 10, 2010.

(c) **Exhibits to be offered into evidence at trial**

1. Housing policy for the FCCC.

2. Clinical Intake Screening Report.

(d) **Non-inmate/resident witnesses to be called at trial**

Dr. George Emanoilidis
Florida Civil Commitment Center
13619 SE Highway 70
Arcadia, Florida 34266

Raymond S. Kanar
Florida Civil Commitment Center
13619 SE Highway 70
Arcadia, Florida 34266

(e) **Inmate/Resident witnesses to be called at trial**

None.

(f) **Summary of anticipated testimony for each witness**

1. Dr. George Emanolidis

EMANOILIDIS will testify that he is an employee of The GEO Group and the Assistant Facility Administrator for Operations at the FCCC.

Defendant's Pre-Trial Statement
Grawbadger v Emanoilidis
Case No. 2:10-CV-00528-JES/SPC
Page 5

EMANOILIDIS will further testify that the FCCC houses approximately 670 residents. He will also testify that GRAWBADGER and Gregory Bell are both residents fo the FCCC. EMANOILIDIS will testify regarding the following procedure that is used when assigning housing to residents.

    a. Residents who are being newly admitted, or re-admitted to the FCCC are first placed into a secure management area where they undergo medical, psychological and security screening.

    b. The screening process takes between 2 to 3 days.

    c. He is notified by the mental health clerk when the screening process is completed.

    d.. He then utilizes a computer program that offers every available bed space in the facility and make the bed assignment based on this availability.

    e. Once the assignment is made the resident is placed on a "move list."

    f. The Officer In Charge is then tasked with making the actual move.

He will further testify that this procedure is used for every bed assignment and that he utilized this same exact procedure when he assigned a bed to GRAWBADGER.

EMANOILIDIS will testify that GRAWBADGER was arrested for Criminal Mischief after he damaged a breathing machine. He was transferred to the Desoto County

Defendant's Pre-Trial Statement
Grawbadger v Emanoilidis
Case No. 2:10-CV-00528-JES/SPC
Page 6

Jail to await trial and then convicted and sentenced to one year and day in the Department of Corrections. Upon completion of his sentence he was transferred back to the FCCC.

He will also testify that GRAWBADGER had been away from the FCCC for approximately one year at the time that he was notified that his intake screening was complete. During a typical year EMANOILIDIS handles between 200 and 250 admissions between newly admitted residents and those who are transferring in and out for various reasons.

EMANOILIDIS will testify regarding the difficulty of making housing assignments based on prior incidents. He will explain that basing housing assignments on prior incidents between residents would be nearly impossible for the simple reason that residents will often get into a fight with each other on one day and then be friends the next day. Additionally, EMANOILIDIS will explain that the FCCC computer system only flags major, life threatening incidents between residents.

EMANOILIDIS will testify that he did not remember that GRAWBADGER had a problem with Gregory Bell at the time he made the assignment. He will also testify that he did not receive any letter from GRAWBADGER prior to his return to the FCCC alerting him of any issues between him and Mr. Bell.

EMANOILIDIS will testify that GRAWBADGER was in secure management during the screening process for 3 days and did not alert anyone as to any housing assignment

Defendant's Pre-Trial Statement
Grawbadger v Emanoilidis
Case No. 2:10-CV-00528-JES/SPC
Page 7

concerns while he was in secure management or undergoing the screening process. Nor did GRAWBADGER tell the Officer In Charge of his concerns when he was actually being transferred.

EMANOILIDIS will explain that the options with dealing with housing issues are limited because there are no other facilities within which those who are committed under the Jimmy Ryce Act can be housed. All residents committed under the Jimmy Ryce Act must be housed at the FCCC and there are numerous common areas where residents will invariably come in contact with each other even if their bed is located in separate dorms.

Finally, EMANOILIDIS will testify that he followed the same procedure when assigning GRAWBADGER a bed as he does with every resident and that he acted completely in good faith when doing so.

2. Dr. Raymond Kanar

Dr. Kanar will testify that he performed GRAWBADGER'S intake screening and that GRAWBADGER never told him that he was concerned about being housed with Gregory Bell.

(g) **Inmate/Resident witnesses on death row**

None.

Defendant's Pre-Trial Statement
Grawbadger v Emanoilidis
Case No. 2:10-CV-00528-JES/SPC
Page 8

By   s/Donald A. Chinquina
Donald A. Chinquina, Esquire
Florida Bar No. 574384
Attorneys for Defendant
WIEDERHOLD & MOSES, P.A.
560 Village Blvd., Suite 240
West Palm Beach, Florida 33409
561-615-6775; Fax: 561-615-7225
Dchinquina@wmrfla.com

I HEREBY CERTIFY that on this 17th day of August, 2011 I electronically filed the foregoing with the Clerk of the Middle District Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant: William P. Grawbadger, DC #991100, Florida Civil Commitment Center, 13619 SE Highway 70, Arcadia, FL 34266.

By   s/Donald A. Chinquina
Donald A. Chinquina, Esquire
Florida Bar No. 574384
Attorneys for Defendant
WIEDERHOLD & MOSES, P.A.
560 Village Blvd., Suite 240
West Palm Beach, Florida 33409
561-615-6775; Fax: 561-615-7225
Dchinquina@wmrfla.com