UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILED

2012 AUG 21  PM 2: 20

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

WILLIAM GRAWBADGER,

    Plaintiff,

vs.      Case No. 2:10-cv-528-FtM-SPC[1]

GEORGE EMANOILIDIS, in his individual and official capacity as the Assistant Facility Administrator for Operations at the Florida Civil Commitment Center, and TIMOTHY BUDZ, in his official capacity as Facility Administrator at the Florida Civil Commitment Center,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court upon review of Defendants' Motion to Strike Plaintiff's Expert Michael Berg (Doc. #81, Motion) and attachments thereto (Doc. #81-1), including: Mr. Berg's expert report and resume (Exh. A); Berg and Associates firm profile and credentials (Exh. B); deposition transcript of Mr. Berg (Doc. #81-2, Depo. Berg); and, portions of the Florida Civil Commitment Center's (hereinafter "FCCC") policy and procedure manual (Doc. #81-3, Exh. C). Plaintiff filed a response (Doc. #84, Response) to the Motion. This matter is ripe for review.

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties consented to trial before the undersigned, and the district court approved. See Docs. #63, #67.

**I.**

The legal principles governing the admissibility of expert testimony are well settled. Federal Rule of Evidence 702 governs the admissibility of expert testimony in federal court:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Kilpatrick v. Breg, Inc., 613 F.3d 1329, 1335 (11th Cir. 2010). The trial court performs a "gate keeping role" to ensure that any and all expert testimony is both relevant and reliable. Daubert v. Merrell Dow Pharms., 509 U.S. 579, 597 (1993). The importance of this gatekeeping function "cannot be overstated." United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1063 (2005).

"The burden of laying the proper foundation for the admission of expert testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." Kilpatrick, 613 F.3d at 1335 (internal quotations and citations omitted). The admission of expert testimony is a matter within the discretion of the district court, which is accorded "considerable leeway" in making its determination, despite that "a ruling on the

admissibility of expert evidence may be outcome determinative." Id.

In determining the admissibility of expert testimony under Rule 702, the Court applies a three-part inquiry: (1) the expert must be "qualified to testify competently" on the topic at issue; (2) the methodology must pass Daubert's reliability test; and, (3) the expert's testimony must "assist the trier of fact . . . to understand the evidence or determine a fact in issue." Kilpatrick, 613 F.3d at 1335.

With regard to the first step, a person is qualified as an expert based upon knowledge, skill, experience, training, or education. Frazier, 387 F.3d at 1260-61. In evaluating whether a proffered expert is "qualified" to offer an opinion, courts generally consider the witness's education and experience and ask whether the subject matter of the witness's proposed testimony is sufficiently within the witness's expertise. See Maiz v. Virani, 253 F.3d 641, 665 (11th Cir. 2001). "The qualification standard for expert testimony is 'not stringent' and 'so long as the expert is minimally qualified, objections to the level of the expert's expertise [go] to credibility and weight, not admissibility." Vision I Homeowners Ass'n, Inc. v. Aspen Speciality Ins. Co., 674 F. Supp. 2d 1321, 1325 (S.D. Fla. 2009) (citations omitted).

With regard to the second step, the court is to consider the following factors in determining whether the methodology employed

by the expert is reliable: "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." <u>Kilpatrick</u>, 613 F.3d at 1336. The factors are not exhaustive, and depend "on the nature of the issue, the expert's particular expertise, and the subject of his testimony." <u>Kumho Tire Co. Ltd. v. Carmicahel</u>, 526 U.S. 137, 157 (1999). However, "[t]he expert's testimony must be grounded in an accepted body of learning or experience in the expert's field, and the expert must explain how the conclusion is so grounded." Fed. R. Evid. 702, Advisory Committee's Notes. "If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why the experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." <u>Id.</u> "Presenting a summary of a proffered expert's testimony in the form of conclusory statements devoid of factual or analytical support is simply not enough." <u>Cook ex rel. Tessier v. Sheriff of Monroe County</u>, 402 F.3d 1092, 1113 (11th Cir. 2005).

The third requirement for admissibility is that the expert testimony must assist the trier of fact. Thus, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person. . . . Proffered expert

testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Frazier, 387 F.3d at 1262-63.

Finally, expert testimony which satisfies these three requirements may nonetheless be excluded under Rule 403 if the probative value of the expert testimony is substantially outweighed by its potential to confuse or mislead the jury, or if it is cumulative or needlessly time consuming. Id. at 1263. Additionally, an expert witness may not offer a legal conclusion, but Rule 704(a) provides that an opinion or inference is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact. Cook, 402 F.3d at 1112-13 n.8.

## II.

Defendants seek to strike Plaintiff's designated expert Michael Berg. Mr. Berg has "over 39 years of criminal justice management experience." Response at 3 (citing Exh. A). Mr. Berg has managed small, medium, and mega prisons and his experience ranges from policy-related administrative issues to arrest and release of inmates. Id. Mr. Berg has experience in criminal justice training, correctional litigation, jail and prison design, inmate work and treatment programs, jail staffing plans and corrections policy and procedure development. Id. Mr. Berg has testified in other institutional cases involving the same matters at issue in this case, specifically adequacy of housing policies in

institutional settings. Id. at 4 (citing Exh. A at 4). Mr. Berg has previously been appointed by a court to be an expert for both plaintiffs and defendants in a case. Exh. C at 18-19.

Based on Mr. Berg's experience, it would appear that he has sufficient knowledge and experience to qualify him as an expert. The Court does not find that experience arising specifically from civil commitment facilities is required for a determination that Mr. Berg is qualified. This Court has frequently recognized that a person who is civilly committed, although afforded a higher standard of care than those who are criminally committed, is in a position analogous to a criminally confined prisoner. Lavender v. Libscomb, Case No. 2:02-cv-358-FtM-33DNF, 2006 WL 2971325 (M.D Fla. Feb. 15, 2012), aff'd sub nom., Lavender v. Kearney, 206 F. App'x 860 (11th Cir. 2006); Evans v. Budz, Case No. 2:10-cv-423-FtM-29SPC, 2010 WL 2921616 *3 (M.D. Fla. July 23, 2010)(citing Pullen v. State, 802 So.2d 1113, 1119 (Fla. 2001)). Additionally, the majority of the residents civilly detained, or committed, at the FCCC were previously imprisoned within the Florida Department of Corrections. Fla. Stat. § 394.910.

`As part of Mr. Berg's opinion and conclusions, he concludes that the FCCC's security and classification policies, as well as the FCCC's computerized resident housing placement program, are inadequate. Exh. A at 4-5. Mr. Berg also concludes that Defendants acted with deliberate indifference to Plaintiff's safety

as evidenced by the fact that Plaintiff was attacked a third time by the same resident, after Defendants continued to house the two residents in close proximity to Plaintiff. Id. at 4. Mr. Berg described his methodology in rendering the opinion (Exh. A at 2-3), and his deposition further expounded on his sources of information (Exh. C). Therefore, the Court finds that Mr. Berg's opinion is sufficiently reliable to assist the trier of fact. Issues arising from Mr. Berg's knowledge about civil commitment centers, knowledge about current industry standards for civil commitment centers, specific knowledge about the FCCC's core mission, floor plan, housing options, and capabilities of the housing computer program, may be subject to impeachment if Mr. Berg testifies.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendants' Motion to Strike Plaintiff's Expert Michael Berg (Doc. #81) is **DENIED, without prejudice.**

**DONE AND ORDERED** at Fort Myers, Florida, on this 20th day of August, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

SA: alj
Copies: All Parties of Record